1

Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121

2

**LAW OFFICE OF KEVIN G. LITTLE**

Post Office Box 8656

3

Fresno, California  93747

Telephone:  (559) 342-5800

4

Facsimile:  (559) 242-2400

E-Mail:  kevin@kevinglittle.com

5

6

Attorneys for Plaintiff Cynthia Piombino

7

8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11

CYNTHIA PIOMBINO,

Case No. 1:24-cv-00298-KES-SAB

12

Plaintiff,

**PLAINTIFF'S CORRECTED**

13

v.

**OPPOSITION TO MOTION TO DISMISS
PORTIONS OF THE COMPLAINT;
SUPPORTING MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT; ALTERNATIVE REQUEST
FOR LEAVE TO AMEND**

14

15

CITY OF FRESNO, FRESNO POLICE
OFFICER STEVE ROCHA, FRESNO
POLICE OFFICER COREY EVANS,
UNKNOWN LAW ENFORCEMENT
OFFICERS,

16

17

18

Defendants.

19

20

21

        Plaintiff Cynthia Piombino hereby opposes the motion of the defendants to dismiss portions

22

of the Complaint filed on March 11, 2024 (DN 1).  As more fully set forth herein, the defendants'

23

motion should be denied in its totality because (1) the *Monell* allegations set forth in the

24

Complaint are hardly conclusory and they show that plaintiff is not improperly suing the City of

25

Fresno on a *respondeat superior* basis in her First, Second and Third Causes of Action; (2)

26

plaintiff's allegations do not support an inference of a lack of probable cause, or relatedly, the

27

dismissal of her unconstitutional/retaliatory detention/arrest claim, as alleged in her Third Cause

28

1  of Action; and (3) plaintiff's Sixth Cause of Action alleging unconstitutional/retaliatory

2  detention/arrest is proper, since it is based on alleged facts that violate California Civil Code §

3  52.1 (the Bane Act).

4                                **STANDARDS OF REVIEW**

5

6          Generally, the federal system is one of notice pleading. *Galbraith v. County of Santa*

7  *Clara*, 307 F.3d 1119, 1126 (2002).  A pleading is only required to contain "a short and plain

8  statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Rule

9  8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."

10 *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  The required "short and plain

11 statement" must simply give the defendant fair notice of what the plaintiff's claim is and the

12 grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. The Supreme Court has more

13 recently clarified that a federal complaint must plead "enough facts to state a claim to relief that

14 is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

15 plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

16 reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

17 556 U.S. 662, 678 (2009).  Even after *Twombly* and *Ashcroft*, however, a plaintiff need not plead

18 a prima facie case in her complaint. *Swierkiewicz*, 534 U.S. at 514–515; *see also Starr v. Baca*,

19 652 F.3d 1202, 1216-1217 (9th Cir. 2011) (reaffirming *Swierkiewicz*'s continuing validity). "The

20 theory of the federal rules is that once notice-giving pleadings have been served, the parties are to

21 conduct discovery in order to learn more about the underlying facts."  *Starr v. Baca*, 652 F.3d at

22 1212.

23         Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

24 plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

25 dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

26 absence of sufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix, Inc.*,

27 795F.3d 1062, 1065 (9th Cir. 2015).  The district court's consideration of a Rule 12(b)(6) motion

28

---

OPPOSITION TO MOTION TO DISMISS, ETC.                                                    Page 2 of  7

to dismiss is limited to considering the allegations in the complaint. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). All of the complaint's factual allegations are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*,540 F.3d 916, 919 (9th Cir. 2008). Except as otherwise required under the limited circumstances inapplicable here, facts need only be alleged generally, and the court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pacific Prop. & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

Of course, a court considering a 12(b)(6) motion does not have "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d1049, 1056-57 (9th Cir. 2008).  Legal conclusions also need not be accepted.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court also is not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice.  *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d1251, 1254 (9th Cir. 2013).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. *See Chaset v. Fleer/Skybox Int'l*, 300F.3d 1083, 1087-1088 (9th Cir. 2002); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading

1   could not possibly be cured by the allegation of other facts).

2                                  **ARGUMENT**

3   *I.      Plaintiff's Federal Claims Allege Municipal Liability Against the City of Fresno*

4             Without any acknowledgment of the municipal liability allegations clearly set forth in the

5   (Complaint, ¶¶ 5, 11, 22, 28, 34), the defendants summarily contend that the City of Fresno is

6   improperly being sued under federal law based on a *respondeat superior* theory.  This argument

7   simply does not withstand examination.

8             The defendants do not attack the sufficiency of plaintiff's *Monell*[1] allegations; they

9   simply ignore them.  A *Monell* claim can proceed under any of three theories of municipal

10  liability: (1) when official policies or established customs inflict a constitutional injury; (2) when

11  omissions or failures to act amount to a local government policy of deliberate indifference to

12  constitutional rights; or (3) when a local government official with final policy-making authority

13  ratifies a subordinate's unconstitutional conduct. *Clouthier v. Cty. of Contra Costa*, 591 F.3d

14  1232, 1249-50 (9th Cir. 2010). Once the theory is alleged, a plaintiff must allege facts

15  demonstrating that "the policy is the moving force behind the constitutional violation."

16  *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011); *see also City of Oklahoma v.*

17  *Tuttle*, 471 U.S. 808,823 (1985).  To establish liability for failure to train, Plaintiffs may allege

18  facts showing that a particular training deficiency was so egregious that it "amount[ed] to

19  deliberate indifference to the rights of persons with whom the police come into contact." *City of*

20  *Canton v. Harris*, 489 U.S. 378,388 (1989).   *Monell* liability requires a pattern of similar

21  constitutional violations or demonstration that training was obviously necessary to avoid

22  constitutional violations. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011).  Consistent with this

23  body of law, plaintiff has alleged a longstanding pattern of policies and practices hostile to the

24  unhoused.  (Compliant, ¶ 11.)  Specifically, plaintiff alleges this policy evinces itself in the City

25  of Fresno's failure "to require its police officers to follow the law, and instead encourages the

26

27  _____

28            [1]*Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978).

consistent harassment, forced relocation, physical abuse, isolation, property deprivation, and marginalization of its unhoused population," despite the repeated appeals of plaintiff and other advocated to the leadership of the Fresno Police Department. *Id.*

Because plaintiff's federal civil rights claims are based on municipal liability and not respondeat superior, this aspect of the defendants' motion lacks merit and will not be addressed further.  Plaintiff is not required to, and will not, defend allegations that have gone unchallenged , or anticipate legal arguments not set forth.

### II.    *Plaintiff's Unconstitutional/Retaliatory Arrest Claim is Also Proper*

The defendants next contend the Complaint's allegations establish probable cause to arrest, with respect to plaintiff's Third Cause of Action.  This contention also does not withstand scrutiny.

First, the plaintiff alleges that the unhoused woman for whom she was advocating was being forced to relocate and was having her property confiscated, even though she was she was not arrested or cited for any law violation (Complaint, ¶ 9).  The Complaint further alleges that the individual defendants were blatantly violating this Court's ruling in *Kincaid, et al v. City of Fresno*, No. 1:06-cv-1445 OWW SMS, which made it clear that government officials could not capriciously seize and destroy the property of unhoused persons (Complaint, ¶ 10).  The Complaint further alleges that plaintiff respectfully, non-violently advocated for the unhoused woman, as is her right under the First Amendment, primarily because the unhoused woman would have been left in extremely cold weather without any source of warmth (Complaint, ¶ 12). Unable to arrive at any agreement, plaintiff, without violating the law and while video recording her interaction, attempted to walk around the officers to grab the unhoused woman's blankets, since the officers had no right to keep them (Complaint, ¶ 13).  It was at this point that the individual defendants forcefully grabbed, spun, pushed, and arrested plaintiff (Complaint, ¶ 14).

These allegations hardly support a finding of probable cause to arrest.  It is well settled that "[police] may not exercise the awesome power at their disposal to punish individuals for

conduct that is not merely lawful, but protected by the First Amendment." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1020 (9th Cir. 2015) (quoting *Duran v. City of Douglas*, 904 F.2d 1372, 1378 (9th Cir. 1990)); *see also Santiopietro v. Howell*, 857 F.3d 980, 985 (9th Cir. 2017). Moreover, officers cannot lawfully arrest citizens for disagreeing with them or taking any action that contradicts their instructions; instead officers have to be engaged in the lawful performance of their duties. *See People v. Gonzalez*, 31 Calk.3d 1179, 1217 (Cal. 1990); CALCRIM No. 2670 (stating "you may not find the defendant guilty of resisting arrest if the arrest was unlawful" and "if a peace officer uses unreasonable or excessive force to arrest or detain a person, that person may lawfully use reasonable force to defend himself or herself").

Plaintiff has thus properly alleged that she was arrested without probable cause.[2]  The defendants' contrary argument both misconstrues the law and reads the allegations in the light most favoring them, contrary to the applicable standard of review.

### III.    *Plaintiff's State Civil Rights Claim Challenging Her Arrest is Also Proper*

Repeating the same flawed probable cause argument, the defendants contend that plaintiff's Sixth Cause of Action alleging an unconstitutional and retaliatory arrest under the Bane Act, California Civil Code § 52.1, is subject to dismissal.  The lack of probable cause based on the Complaint allegations has already been demonstrated above and will not be repeated. Defendants also contend that plaintiff has not adequately alleged the coercion/interference aspect of a Bane Act claim, but this argument ignores the allegations of paragraph 14 of the Complaint, describing the force used on plaintiff, and also governing law.  Section 52.1 only requires "threats, intimidation or coercion." *Venegas v. County of Los Angeles,* 32 Cal.4th 820, 841-43 (2004). An unlawful arrest made with excessive force, such as that alleged by plaintiff, satisfies

---

[2]It must be noted that the Supreme Court recently made clear that a lack of probable cause is not a universal *sine qua non* for a retaliatory arrest claim.  *See Gonzalez v. Trevino*, No. 22-1025 (slip op. June 20, 2024, pp. 1, 5, *per curiam*) (recognizing an exception to *Nieves v. Bartlett*, 587 U. S. 391, 407 (2019), which held that a plaintiff "must plead and prove the absence of probable cause for the arrest," when a plaintiff has "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been."). So to the extent that the Third Cause of Action alleges an alternate retaliation theory, allegations establishing alack of probable cause to arrest are not necessarily required.

the Bane Act. *See Bender v. County of Los Angeles*, 217 Cal.App.4th 968, 978 (2013); *Simmons v. Superior Court*, 7 Cal.App.5th 1113, 1126 (2016).

Defendants also invoke California Government Code § 821.6, but well settled case law shows that statute has little impact on state law wrongful arrest claims.  *See Asgari v. City of Los Angeles*, 15 Cal.4th 744, 748 (1997) (holding that section 821.6 did not preclude a state law false arrest claim, but rather limited the damages to the pre-arraignment period; further stating on p. 752 that "under California law, a police officer is granted statutory immunity from liability for malicious prosecution [§ 821.6], but not for false arrest and imprisonment."). The defendants' contrary contention simply lacks merit. Indeed, not one of the cases cited by the defense involves a section 52.1 claim asserting a wrongful arrest theory that was dismissed on the basis of section 821.6 immunity.

Finally, the defendants contend there is no basis for the City of Fresno's liability under California Government Code § 815.2, but that argument presupposes that there is no underlying individual liability of a City of Fresno agent or employee, which has been disproved, above.

WHEREFORE, the defendants' motion to dismiss portions of the Complaint should be denied.  Alternatively, leave to amend is requested.

Date: July 8, 2024                                    LAW OFFICE OF KEVIN G. LITTLE

                                                      */s/ Kevin G. Little*
                                                      Kevin G. Little
                                                      Attorneys for Plaintiff Cynthia Piombino