Mildred K. O'Linn (State Bar No. 159055)
 missy.olinn@manningkass.com
Lynn L. Carpenter (State Bar No. 310011)
 lynn.carpenter@manningkass.com
Nichole Santiago (State Bar No. 291632)
 nichole.santiago@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for CITY OF FRESNO, FRESNO POLICE OFFICER STEVE ROCHA, FRESNO POLICE OFFICER COREY EVANS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CYNTHIA PIOMBINO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, FRESNO POLICE OFFICER STEVE ROCHA, FRESNO POLICE OFFICER COREY EVANS, UNKNOWN LAW ENFORCEMENT OFFICERS,<br><br>Defendant. | Case No. 1:24-CV-00298-KES-SAB<br>Honorable Kirk E. Sherriff<br>Magistrate Judge, Stanley A. Boone<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: August 12, 2024<br>Time: 1:30 p.m.<br>Courtroom: 6, 7th floor |

Defendants CITY OF FRESNO ("CITY"), FRESNO POLICE OFFICER STEVE ROCHA ("Officer Rocha"), FRESNO POLICE OFFICER COREY EVANS ("Officer Evans") (collectively "defendants") submit the following Reply To Plaintiff's Corrected Opposition to Motion to Dismiss Portions of Plaintiffs' Complaint [Doc. 13].

| | | |
|---|---|---|
| DATED: July 11, 2024 | | **MANNING & KASS**<br>**ELLROD, RAMIREZ, TRESTER LLP** |
| | By: | /s/ *Lynn Carpenter*<br>Mildred K. O'Linn<br>Lynn Carpenter<br>Nichole Santiago<br>Attorneys for CITY OF FRESNO, FRESNO POLICE OFFICER STEVE ROCHA, FRESNO POLICE OFFICER COREY EVANS |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's Corrected Opposition to Motion to Dismiss Portions of Plaintiffs' Complaint [Doc. 13] ("Opposition") fails to shows that portions of plaintiff's Complaint should not be dismissed for failure to state a claim upon which relief can be granted.  Specifically, Defendants move to dismiss the City from plaintiff's first, second, and third causes of action, and plaintiff's third and sixth causes of action in their entirety without leave to amend, as plaintiff's Complaint cannot be cured through amendment.

## II.   THE CITY OF FRESNO IS NOT A PROPER PARTY TO PLAINTIFF'S 42 U.S.C. SECTION 1983 CLAIMS

Plaintiff's Opposition asserts that Defendants do not acknowledge the municipal liability allegations set forth in the Complaint, and that the City of Fresno is not improperly being sued under federal law based on a respondeat superior theory. [Opposition at 4:4-7.]   However, contrary to plaintiff's assertion, the City *is* improperly named as a defendant to plaintiff's first, second, and third causes of action, and is being sued based on a respondeat superior theory, ***as there are no Monell claims properly alleged in plaintiff's Complaint.***

Plaintiff's Complaint names the City *as an individual defendant* to plaintiff's first, second, and third causes of action, which is improper because the City ***cannot be directly liable to plaintiff***, as the City did not personally participate in any of plaintiff's allegations. *See Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988) ("Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.").  Further, the City cannot be held liable under Section 1983 ***on a respondeat superior theory***.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) ("[a] municipality cannot be held liable

under Section 1983 on a respondeat superior theory.")

To establish municipal liability under *Monell*, a plaintiff must first establish that the peace officer deprived him of a constitutional right. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Next, plaintiff must show that an official city policy, custom, or practice was the moving force behind the constitutional injury. *Monell,* 436 U.S. at 694. A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990).

Since *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678; *see, also, Rodriguez v. City of Modesto*, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support); *Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (citing numerous cases where *Monell* claims without factual specificity were dismissed).

Importantly, "Plaintiffs who seek to impose liability on local governments under §1983 must prove that 'action pursuant to official municipal policy' caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson,* 563 U.S. 51, 60 (2011) [internal citation omitted]; *see also Bd. of the Cnty. Comm'rs v. Brown*, 530 U.S. 397,

403-4 (1997). It requires a two part inquiry: 1) it must be shown that there is an unconstitutional policy, which can be attributed to a policy maker, and 2) that policy is the cause of the harm to plaintiff. *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

Here, plaintiff's Complaint alleges "COF's policies, customs, and practices of antipathy toward its unhoused population and those who advocate for them, as alleged herein above, were the moving force behind the violations of the plaintiff's Fourth Amendment rights, thus dictating that the COF has municipal liability." [Complaint, ¶ 22; ¶ 28 ("moving force behind the violations of Piombino's First Amendment rights"); ¶ 34 ("moving force behind the violations of Piombino's First and Fourth Amendment rights").]

Accordingly, plaintiff's Complaint alleges that the City's policies, customs, and practices were a moving force behind the constitutional violations alleged in the complaint, violation of 42 U.S.C. section 1983 – Excessive Force, violation of 42 U.S.C. section 1983 – Unconstitutional Retaliatory Force, violation of 42 U.S.C. section 1983 – Unconstitutional/ Retaliatory Detention and Arrest, but **fails** to allege sufficient facts regarding prior instances of conduct by any named FPD officers, and plaintiff fails to sufficiently describe how, if at all, any of these bald allegations were the moving force of any injury to plaintiff. Therefore, plaintiff's conclusory allegations of a custom or policy fail to satisfy the plausibility standard required by *Twombly* and *Iqbal*.

Accordingly, the City is an improper defendant to plaintiff's first, second, and third causes of action, and plaintiff has failed to adequately state a *Monell* cause of action. Thus, the City should be dismissed from these claims.

### III. PLAINTIFF'S CLAIM FOR UNCONSTITUTIONAL RETALIATORY DETENTION AND ARREST SHOULD BE DISMISSED

To bring a First Amendment retaliatory arrest claim, Plaintiff "must generally 'plead and prove the *absence* of probable cause,' because the presence of probable

5

1  cause generally 'speaks to the objective reasonableness of an arrest' and suggests that
2  the 'officer's animus' is not what caused the arrest." *Ballentine v. Tucker,* 28 F.4th
3  54, 62 (9th Cir. 2022) (citing *Nieves v. Bartlett*, 139 S. Ct. 1715, 1723-24 (2019)
4  (emphasis added).  Further, to succeed on a Fourth Amendment unlawful detention
5  claim, plaintiff must allege facts that establish that the officials detaining him ***lacked***
6  ***probable cause to do so***.  *Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007)
7  (emphasis added).  Accordingly, when a complaint does not include factual
8  allegations that allow the court to infer that plaintiff was detained without probable
9  cause, the claim may be dismissed. *See Baker v. McCollan*, 443 U.S. 137, 143 (1979);
10 *Gunn v. Cnty. of Butte*, 2021 WL 1212601, at *2 (E.D. Cal. Mar. 31, 2021).
11         Plaintiff's Opposition states that the Complaint's allegations do not establish
12 probable cause, and that the allegations support that plaintiff was arrested without
13 probable cause. [*See generally,* Opposition at 5:9-6:13.] Additionally, plaintiff's
14 Opposition asserts that the Supreme Court recently made clear that a lack of probable
15 cause is not essential condition for a retaliatory arrest claim. *See Gonzalez v. Trevino,*
16 No. 22-1025 (slip op. June 20, 2024, *per curiam).*  However, the exception that the
17 Supreme Court provided in *Gonzalez,* "that the no-probable-cause requirement may
18 be set aside 'when a plaintiff presents objective evidence that he was arrested when
19 otherwise similarly situated individuals not engaged in the same sort of protected
20 speech had not been,'" does not apply in this case. *Id.* at p. 7 (internal citations
21 omitted).  Here, plaintiff's complaint ***does not allege*** that she was arrested when other
22 similarly situated individuals not engaged in the same sort of protected speech have
23 not been. [*See generally,* Complaint.]
24         Rather, the allegations in plaintiff's Complaint ***confirm*** that Officer Rocha and
25 Officer Evans had probable cause to arrest plaintiff for violating Penal Code section
26 148(a)(1) - resisting/obstructing a peace officer. [Complaint, ¶¶ 9, 12, 13, 14.] The
27 allegations in the Complaint confirm that Officer Rocha and Officer Evans were in
28 the process of carrying out their lawful duties that did not involve plaintiff, and that

plaintiff *interfered* with Officer Rocha and Officer Evans' actions, therefore *delaying and obstructing* the performance of their duties. *See* Cal. Penal Code § 148(a)(1); *Yount v. City of Sacramento*, 43 Cal.4th 885, 894-95 (2008) (the legal elements of a Section 148(a)(1) violation are "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties.")

Accordingly, plaintiff's unconstitutional and retaliatory detention and arrest claim fails, as Officer Rocha and Officer Evans had *probable cause* to detain and arrest plaintiff and should be dismissed accordingly.

## IV.     PLAINTIFF'S CLAIM FOR VIOLATION OF CAL. CIV. CODE § 52.1 SHOULD BE DISMISSED

Plaintiff's Opposition asserts that Plaintiff's claim for Unlawful and Retaliatory Arrest claim under California Civil Code § 52.1 is not subject to dismissal because there was a lack of probable cause and that California Government Code § 821.6 does not apply to claims for false arrest, thus defendants are not immune. [Opposition at 6:15-18, 7:3-11.]

As an initial matter, plaintiff's sixth cause of action brought under California Civil Code § 52.1 is a Bane Act Claim, *not a false arrest claim*. Thus, Officer Rocha and Officer Evans are immune to plaintiff's claim under California Government Code § 821.6, as California courts have repeatedly approved the use of California Government Code § 821.6 to immunize public employees against claims of violation of Civil Code § 52.1. *Jones v. Cty. of L.A.*, 2009 U.S. Dist. LEXIS 110900, at *16-18 (C.D. Cal. Nov. 11, 2009) (immunizing against claims for violation of Civil Code § 52.1, battery, negligence, and intentional infliction of emotional distress); *Johnson v. City of Pacifica,* 4 Cal. App. 3d 82, 86-87 (1970); *Johnson v. Cnty. of Contra Costa,* 2010 U.S. Dist. LEXIS 92020, *52-54 (N.D. Cal. 2010) (immunizing against claims for negligence and violation of Civil Code § 52.1).

Further, contrary to plaintiff's assertion that there was no probable cause to arrest plaintiff, the allegations in plaintiff's Complaint actually ***confirm*** that Officer Rocha and Officer Evans had ***probable cause*** to arrest plaintiff for Penal Code section 148(a)(1) - resisting/obstructing a peace officer. [Complaint, ¶¶ 9, 12, 13, 14.] The allegations in the Complaint explicitly state that Officer Rocha and Officer Evans were in the process of carrying out their lawful duties that did not involve plaintiff and plaintiff ***interfered*** with Officer Rocha and Officer Evans' actions, therefore ***delaying and obstructing*** the performance of their duties.

Additionally, plaintiff's Opposition states that the Complaint adequately pleads a violation of the Bane Act. [Opposition at 6:18-7:2.] However, contrary to plaintiff's assertions, plaintiff's Complaint contains no evidence to establish that Officer Rocha and Officer Evans interfered with plaintiff's legal rights by the use of threats, intimidation, or coercion. *See Meyers v. City of Fresno*, 2011 U.S. Dist. LEXIS 31209, at *16-18 (E.D. Cal. Mar. 15, 2011) (California Civil Code section 52.1 permits a civil action against a person who interferes or attempts to interfere by threats, intimidation or coercion with "exercise or enjoyment" of rights secured by the U.S. and California Constitutions and laws.)

Lastly, plaintiff's Opposition states that the City of Fresno is liable as the underlying liability of a City of Fresno agent or employee has been proven. [Opposition at 7:12-14.] However, the Complaint fails to state sufficient facts against Officer Rocha and Officer Evans. Accordingly, the Complaint also fails to state any cause of action based on derivative liability against the City. Cal. Gov. Code § 815.2.

///
///
///
///
///
///

8

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**

## V. CONCLUSION

Based on the foregoing, the Court should grant Defendants' motion and dismiss portions of plaintiff's Complaint without leave to amend.

DATED: July 11, 2024  **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:   /s/ *Lynn Carpenter*
Mildred K. O'Linn
Lynn Carpenter
Nichole Santiago
Attorneys for CITY OF FRESNO, FRESNO POLICE OFFICER STEVE ROCHA, FRESNO POLICE OFFICER COREY EVANS