UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA PIOMBINO,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF FRESNO, et al.,<br><br>  Defendant. | No. 1:24-cv-00298-KES-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS<br><br>(Doc. 11) |

Defendants City of Fresno, Fresno Police Officer Steve Rocha, and Fresno Police Officer Corey Evans move to dismiss certain of plaintiff Cynthia Piombino's claims pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Motion to Dismiss ("Motion"), Doc. 11. For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

**I.   BACKGROUND**

Piombino alleges she was advocating for an unhoused woman when she was unlawfully arrested by Rocha and Evans. Complaint, Doc. 1 ¶ 9. Piombino alleges as follows in her complaint[1]:

Piombino is an advocate for the unhoused and is known to "virtually" all Fresno Police personnel. *Id.* ¶ 4. She regularly monitors encampments, advocates for the rights of unhoused

---

[1] The factual allegations in the complaint are presumed to be true for purposes of this motion to dismiss. *See Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023).

1

1   people with public officials, and regularly posts videos (and other materials) to social media
2   documenting "the unfair treatment of the unhoused community" in Fresno. *Id.* Fresno Police
3   Department personnel are familiar with her and recognize her as an advocate for the unhoused
4   and a "vocal critic of local law enforcement." *Id.*

5   Rocha and Evans unlawfully confiscated and destroyed an unhoused woman's belongings,
6   ostensibly because some of the woman's belongings were in a commercial shopping cart. *Id.* ¶ 9.
7   Piombino disagreed with the officers' actions but respectfully asked them for permission to
8   retrieve the unhoused woman's blankets. *Id.* ¶ 12. However, she was met with Rocha and Evans'
9   indifference and non sequitur responses. *Id.* Piombino openly recorded the interaction and
10  "attempted to walk around the officers" and take a couple of the woman's blankets to her. *Id.*
11  ¶ 13. Rocha and Evans prevented Piombino from obtaining the blankets by "forcefully" grabbing
12  her arms, spinning her, and pushing her away before detaining and arresting her. *Id.* ¶ 14.
13  Piombino was cited for violating California Penal Code § 148(a), although no criminal charges
14  were ever filed. *Id.* ¶¶ 14, 15. Rocha and Evans arrested Piombino in retaliation for "questioning
15  their authority, criticizing their actions, and advocating for the unhoused woman." *Id.* ¶ 14.

16  Piombino alleges that the court's order in *Kincaid, et al v. City of Fresno*, No. 1:06-cv-
17  1445 OWW SMS, made clear to the City of Fresno that it cannot capriciously seize and destroy
18  the property of unhoused persons. *Id.* ¶ 10. Nonetheless, the City of Fresno "fails to require its
19  police officers to follow the law, and instead encourages the consistent harassment, forced
20  relocation, physical abuse, isolation, property deprivation, and marginalization of its unhoused
21  population." *Id.* ¶ 11. Piombino has witnessed the violation of the constitutional rights of
22  Fresno's unhoused population and has made this known to City of Fresno officials, including
23  supervisors and high-ranking Fresno Police officers. *Id.* The City of Fresno's repeated conduct is
24  evidence of policies, customs and practices of the City of Fresno reflecting its antipathy toward
25  its unhoused population. *Id.*

26  On March 11, 2024, Piombino filed a complaint alleging the following causes of action:
27  (1) 42 U.S.C. § 1983 excessive force claim against Rocha, Evans, and the City of Fresno; (2) 42
28  U.S.C. § 1983 unconstitutional, retaliatory force claim against Rocha, Evans, and the City of

1  Fresno; (3) 42 U.S.C § 1983 unconstitutional and retaliatory detention/arrest claim against Rocha,
2  Evans, and the City of Fresno; (4) California Civil Code § 52.1 excessive force claim against
3  Rocha, Evans, and the City of Fresno; (5) California Civil Code § 52.1 unconstitutional,
4  retaliatory force claim against Rocha, Evans, and the City of Fresno; and (6) California Civil
5  Code § 52.1 unconstitutional and retaliatory detention/arrest claim against Rocha, Evans, and the
6  City of Fresno.  Complaint, Doc. 1.  On June 24, 2024, defendants moved to dismiss portions of
7  Piombino's complaint.  Motion, Doc. 11.  Piombino filed an opposition and a corrected
8  opposition to the motion to dismiss.  Opposition to Motion, Docs. 12, 13.  Defendants timely
9  replied.  Reply to Motion, Doc. 14.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In evaluating a motion to dismiss under Rule 12(b)(6), the court presumes the factual allegations within the complaint to be true and draws all reasonable inferences in favor of the nonmoving party.  *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023) (citing *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987)).

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under federal notice pleading standards, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. at 677–78.  "[I]it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "[B]are assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements . . . are not entitled to be assumed true." *Id.* at 681. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The complaint must contain facts that "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). However, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**III.   ANALYSIS**

Defendants move to dismiss Piombino's third and sixth causes of action for failure to state a claim. Motion, Doc. 11. Defendants also move to dismiss Piombino's first, second, and third causes of action as to the City of Fresno, arguing that the complaint fails to establish *Monell* liability as to the City of Fresno on those § 1983 claims.

  **A.** **Third Cause of Action**

In her third cause of action, Piombino asserts a § 1983 claim for unconstitutional and retaliatory detention and arrest in violation of the First and Fourth Amendments against Rocha, Evans, and the City of Fresno.[2] Complaint, Doc. 1 ¶¶ 29-34. Defendants move to dismiss Piombino's third cause of action on the basis that Rocha and Evans had probable cause to make the arrest and therefore the unconstitutional and retaliatory detention and arrest claim fails.

---

[2] The City of Fresno's liability on the third cause of action is addressed separately below.

4

Motion, Doc. 11 at 10-12.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege that "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Murguia*, 61 F.4th at 1106 (internal quotation marks and citation omitted). Piombino alleges, and defendants do not dispute, that Rocha and Evans were acting under color of state law during the detention and arrest of Piombino.

"In the context of a § 1983 action, a Fourth Amendment violation occurs when a person is arrested 'without probable cause or other justification.'" *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022) (citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc)). "Probable cause to arrest exists when there is a 'fair probability or substantial chance of criminal activity' by the arrestee based on the totality of the circumstances known to the officers at the time of arrest." *Id.* A plaintiff can bring a First Amendment claim against government officials who retaliate for engaging in protected speech. *Hill v. City of Fountain Valley*, 70 F.4th 507, 518 (9th Cir. 2023). "To prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Id.* (internal quotation marks and citation omitted). A plaintiff "must generally 'plead and prove the absence of probable cause,' because the presence of probable cause generally 'speaks to the objective reasonableness of an arrest' and suggests that the 'officer's animus' is not what caused the arrest." *Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022) (citing *Nieves v. Bartlett*, 587 U.S. 391 (2019)).

Piombino was detained, arrested, and cited for violating California Penal Code § 148(a)(1). The elements of a § 148(a)(1) violation are: "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (internal quotation marks omitted) (quoting *Garcia v. Superior Court*, 177 Cal.App.4th 803, 818 (2009)).

Defendants argue that the allegations in the complaint "confirm" Rocha and Evans were in the process of carrying out their lawful duties, that Piombino interfered with Rocha and Evans' actions, and therefore she delayed and obstructed the performance of their duties. Motion, Doc. 11 at 10-11. In opposition, Piombino argues that the officers were violating the court's order in *Kincaid* and that she was arrested when she attempted to walk around the officers to grab the woman's blankets and while she filmed the interaction. Opposition, Doc. 13 at 5. Construing the facts in the light most favorable to Piombino, Piombino adequately alleges that Rocha and Evans lacked probable cause to arrest her. As pled, Piombino openly and obviously recorded the interaction, "walked around" the officers, and was subsequently arrested. Complaint, Doc. 1 ¶¶ 13,14. The complaint does not allege that Piombino disobeyed orders from Rocha and Evans or that she interfered with Rocha and Evans' actions. Viewing the complaint's allegations in the light most favorable to Piombino, it is plausible that Piombino did not obstruct the officers' actions by simply walking around them or by continuing to record the officers and that Rocha and Evans therefore lacked probable cause to arrest her. *See Smith v. Cnty. of Orange*, 678 F. Supp. 3d 1182, 1199-200 (C.D. Cal. 2023) (denying summary judgment because it was disputed that plaintiff, who was recording officers, failed to comply with officers' orders that she leave, as reasonable jury could conclude that plaintiff was improperly arrested for making video recording).

Accordingly, defendants' motion to dismiss the third cause of action as to Rocha and Evans is denied.

### B. Sixth Cause of Action

In her sixth cause of action, Piombino asserts a violation of California Civil Code § 52.1 for unconstitutional and retaliatory detention and arrest against Rocha, Evans, and the City of Fresno. Complaint, Doc. 1 ¶¶ 47-52. Defendants argue that the complaint does not establish that Rocha and Evans interfered with Piombino's legal rights through threats, intimidation, or coercion. Defendants argue that Rocha and Evans had probable cause to arrest Piombino and that the claim therefore fails as to all defendants. However, as noted above, viewing the complaint's allegations in the light most favorable to Piombino, it is plausible that Rocha and Evans lacked

1    probable cause to detain and arrest her.

2         Defendants also argue that Rocha and Evans are immune from liability under California Government Code section 821.6.  A plaintiff may bring a cause of action under California Civil Code § 52.1 ("Bane Act") when "[a] person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]."  Cal. Civ. Code § 52.1(b).  To sufficiently plead a violation of the Bane Act, "a plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion."  *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015) (citations omitted).  "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law."  *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 792 (2017) (internal quotation marks omitted).

     Defendants argue that Piombino's Bane Act claim fails because the complaint is devoid of evidence that Rocha and Evans interfered with Piombino's legal rights by threats, intimidation, or coercion.  Where "an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion 'independent from the coercion inherent in the wrongful detention itself'" that is sufficient to state a Bane Act claim.  *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 978 (2013) (quoting *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 958 (2012)).  Defendants do not challenge that Piombino sufficiently pled excessive force claims against Rocha and Evans.  "[T]he use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element" of a Bane Act claim.  *Cornell,* 17 Cal. App. 5th at 799.  "[T]he egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure, not by whether the evidence shows something beyond the coercion 'inherent' in the wrongful detention."

*Id.* As Piombino alleges she was subjected to excessive force during the unlawful arrest, Piombino has sufficiently alleged that her constitutional rights were violated through threats, intimidation, or coercion.

Defendants' argument that Rocha and Evans have immunity under California Government Code section 821.6 also lacks merit.[3] Motion, Doc. 11 at 12-13. "[P]olice officers sued under section 52.1 for false arrest [are] not immune from liability under Government Code section 821.6." *Venegas v. Cnty. of Los Angeles*, 153 Cal. App. 4th 1230, 1243 (2007). In their reply, defendants attempt to distinguish *Venegas* by arguing that the sixth cause of action is a Bane Act claim, not a false arrest claim. However, § 821.6 "does not broadly immunize police officers or other public employees for any and all harmful actions they may take in the course of investigating crime." *Leon v. Cnty. of Riverside*, 14 Cal. 5th 910, 915 (2023).

The California Supreme Court explained in *Leon* that § 821.6 immunity "is narrow in the sense that it applies only if the conduct that allegedly caused the plaintiff's injuries was the institution or prosecution of an official proceeding" but is "broad in the sense that it applies to every such tort claim, whether formally labeled as a claim for malicious prosecution or not." *Id.* at 922. Defendants do not address how Piombino's injury stems from the "initiation or prosecution of proceedings." *Id.* at 924. As explained in *Leon*, § 821.6 immunity does not apply to investigations or conduct separate from the prosecution of an official proceeding, *id.* at 926, and § 821.6 therefore does not immunize Rocha or Evans. As such, dismissal of the sixth cause of action as to Rocha and Evans is denied.

Defendants' argument for the dismissal of the City of Fresno is based entirely on its argument for dismissal of the claims as to Rocha and Evans. As the motion to dismiss the sixth cause of action as to Rocha and Evans is denied, there is likewise no basis for dismissal of the claim as to the City of Fresno.

For the reasons stated above, defendants' motion to dismiss the sixth cause of action is

---

[3] California Government Code section 821.6 provides that a "public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

denied.

**C.     First, Second, and Third Causes of Action Against the City of Fresno**

Defendants also move to dismiss the first, second, and third causes of action as to the City of Fresno. Motion, Doc. 11 at 8. Claims for municipal liability are cognizable under § 1983. *Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023). However, a municipality "cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held liable under [42 U.S.C. § 1983] under a respondeat superior theory." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Castro v. Cnty. of L.A.*, 797 F.3d 654, 670 (9th Cir. 2015). To sustain a *Monell* claim, a plaintiff must show that the action that caused their constitutional injury was part of an "official municipal policy of some nature." *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 811 (9th Cir. 2024) (quoting *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016). "There are four criteria: "(1) [plaintiff] had a constitutional right of which [they] were deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Scanlon,* 92 F.4th at 811 (internal quotation omitted).

Municipal liability may be premised on: (1) conduct pursuant to an express policy; (2) a longstanding practice or custom; or (3) an act that was committed or ratified by an official with policy-making authority. *Id.* "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Perez v. City of Fresno*, 98 F.4th 919, 931 (9th Cir. 2024) (internal quotation marks and citation omitted). "[I]n rare instances, single constitutional violations are so inconsistent with constitutional rights that even such a single instance indicates at least deliberate indifference of the municipality." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

Defendants argue that the City of Fresno should be dismissed from these § 1983 claims because the complaint alleges a theory of liability based on respondeat superior, for which it cannot be held liable, and that the City of Fresno can be held liable only for injuries arising from official policy or longstanding custom. Motion, Doc. 11 at 8. Piombino denies that her

complaint premises the City of Fresno's liability on a theory of respondeat superior. Opposition, Doc. 13 at 4. Instead, Piombino argues that the City of Fresno's unconstitutional policies are evident from its alleged failure "to require its police officers to follow the law," and its "encourage[ment] [of] the consistent harassment, forced relocation, physical abuse, isolation, property deprivation, and marginalization of its unhoused population," despite repeated notice to the leadership of the Fresno Police Department. *Id.* at 4-5 (quoting Complaint, Doc. 1 ¶ 11). Defendants argue that the allegations in the complaint are insufficient because there are no prior instances of conduct by named Fresno Police Department officers and the complaint fails to allege how any policies were the moving force behind the injury to plaintiff. Reply, Doc. 14 at 5.

The complaint alleges that the City of Fresno is being sued "for its custom, policies and practices that were the moving forces behind the constitutional violations set forth herein" and that the "widespread and recurring misconduct could only be reflective of a policy, custom, or practice of antipathy" by the City of Fresno towards its unhoused population. Complaint, Doc. 1 ¶ 5, 11. Piombino's conclusory allegations are insufficient to adequately plead a *Monell* claim. Piombino alleges she has witnessed the Fresno Police Department's treatment of unhoused people and advocates for unhoused people, but she provides no factual allegations beyond the single incident at issue in this case. The complaint is devoid of factual allegations regarding other instances in which Fresno Police Department officers conducted themselves in a similar manner.

The complaint's single instance of alleged misconduct does not establish a pervasive custom or practice of constitutional violations sufficient to support a *Monell* claim. *See Nelson v. City of Fairfield Police Dep't*, No. 2:22-CV-01619-DJC-DB, 2024 WL 3396140, at *4 (E.D. Cal. July 12, 2024) (dismissing *Monell* claim because plaintiff's reliance on a single instance of purported misconduct was not enough to state a custom or practice). Although there is "no per se rule for the number of unconstitutional incidents a pleading must identify to establish a practice or custom under *Monell*, . . . [t]he Ninth Circuit and district courts within the Ninth Circuit have repeatedly declined to infer a custom [or practice] of constitutional violations based on two unconstitutional incidents alone." *Est. of Kong by & through Kong v. City of San Diego*, No. 22-CV-1858-BAS-DDL, 2023 WL 4939370, at *6 (S.D. Cal. Aug. 2, 2023) (internal quotation

marks and citation omitted); *see also Oyenik v. Corizon Health Inc.*, 696 F. App'x 792, 794 (9th Cir. 2017) ("[O]ne or two incidents are insufficient to establish a custom or policy[.]"). Piombino's conclusory allegations are insufficient for the court to reasonably infer that the practices or customs are of sufficient duration, frequency, and consistency to state a *Monell* claim.

Accordingly, defendants' motion to dismiss the City of Fresno as a defendant as to the first, second, and third causes of action is granted, with leave to amend. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (leave to amend is appropriate because plausible facts supporting a policy or custom can cure deficiencies in *Monell* claims).

## IV.   CONCLUSION

Based upon the foregoing, it is ORDERED that:

1. Defendants' motion to dismiss, Doc. 11, is granted in part and denied in part as follows:
    a. The motion to dismiss the third cause of action as to defendants Rocha and Evans is DENIED;
    b. The motion to dismiss the sixth cause of action is DENIED;
    c. The motion to dismiss the first, second, and third causes of action, as to defendant City of Fresno only, is GRANTED WITH LEAVE TO AMEND.
2. Piombino shall file an amended complaint, if any, consistent with this Order within twenty-one (21) days of the date of entry of the Order. If Piombino does not timely file an amended complaint, this action shall proceed on the initial complaint, Doc. 1, only as to the remaining causes of action.

IT IS SO ORDERED.

Dated:   December 2, 2024

_____
UNITED STATES DISTRICT JUDGE

11